Hearing:
April 13, 1988
Stewart
Paper No. 19

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

In re Industrie Pirelli Societa per Azioni

———

Serial No. 565,336

———

Bruce E. Lilling for applicant.

Maria T. Solomon, Trademark Examining Attorney, Law Office 5
(Paul Fahrenkopf, Managing Attorney).

———

Before Sams, Rice and Seeherman, Members.

Opinion by Sams, Member:

Industrie Pirelli Societa per Azioni [applicant] has appealed from the Trademark Examining Attorney's final refusal to register its mark "PIRELLI" for rubber heels and soles for shoes.[1] The Trademark Examining Attorney refused registration, under Section 2(e)(3) of the Trademark Act, on the ground that applicant's mark "PIRELLI" is primarily merely a surname.

———

[1] Serial No. 565,336, filed October 28, 1985.

The application in this case was handled by two Examining Attorneys, each of whom made of record evidence to support the refusal of registration. That evidence includes: (i) excerpts from four telephone directories in which at least one individual with the surname "Pirelli" is listed (viz., six listings from a Milwaukee, Wisconsin directory and one listing each from telephone directories from Boston, San Francisco, and Newark, New Jersey), (ii) two references retrieved from Mead Data's LEXIS/NEXIS data base (viz., a press release from Associated Press, dated January 10, 1986, referring to an attorney called "Arthur Pirelli" and a press release from the United Press International, dated July 25, 1986, referring to a man called "Anthony T. Pirelli,") and (iii) an excerpt from a dictionary of the Italian language, revealing no entry for the word "pirelli", the excerpt having been offered by the Examining Attorney to show that "PIRELLI" has no nonsurname meaning in the Italian language.

In response to the evidence made of record by the Examining Attorneys, applicant introduced its own evidence on the question of whether "PIRELLI" is primarily merely a surname. Applicant submitted copies of two previously issued registrations of its mark "PIRELLI", rendered in plain block letters (Reg. Nos. 893,585 and 1,174,831) which registrations were issued without reference to Section 2(f) of the Trademark Act. Applicant made of record an affidavit of its counsel, who stated that he had examined ten telephone directories (from New York City and its suburban areas) and had found only one listing for an individual with the surname "Pirelli."

2

Applicant's counsel stated that he had searched also the Dialog Information Services, Inc. files Nos. 236, 287 and 288, which, taken together, amount to a data base with biographical data on more than two million persons of various occupations. This data base revealed only three persons with the surname "Pirelli."

Applicant made of record the affidavit of a law clerk employed by applicant's counsel. In his affidavit, the law clerk stated that he had inspected more than one hundred and fifty telephone directories from cities throughout the United States and had found in those directories only twenty-two individuals with the surname "Pirelli." The affiant stated, in addition, that he found more individuals with the surname "Kodak" than with the surname "Pirelli" in the directories he consulted.

Applicant also made of record excerpts from American Surnames (1986) by Elsdon C. Smith. The excerpts include a listing of the two thousand most common American surnames and an index listing some 7,600 surnames. Nowhere in these lists does the surname "Pirelli" appear.

The Examining Attorney's argument is that "Pirelli" is a surname--that it is, in fact, the surname of an individual connected with applicant (namely, the chairman of applicant's parent group). The Examining Attorney argues that "Pirelli" looks like an Italian surname, being similar in structure to Italian surnames which do appear in excerpts from the American Surnames reference book made of record by applicant (viz., Antonelli, Mancinelli, Pacelli, etc.). She points out that the word "pirelli" has no nonsurname meaning in the Italian

3

language. She concludes that, although "Pirelli" is a rare surname in the United States, it would, nonetheless, be perceived as a surname by purchasers of applicant's goods.

Applicant states that "Pirelli" is a famous trademark. According to applicant's counsel applicant sells more than $1 billion worth of products per year under the "PIRELLI" mark. Applicant argues that, because of the fame of the "PIRELLI" mark, the primary significance of "PIRELLI" is as a trademark, rather than as a surname. Applicant points out that it owns incontestable registrations for the mark "PIRELLI" and urges that, consequently, the Examining Attorney's refusal is, in effect, an improper collateral attack on those incontestable registrations. For this proposition, applicant cites In re American Sail Training Ass'n, 231 USPQ 879 (TTAB 1986). Applicant also objects that the Examining Attorney has not produced any evidence to prove that "Pirelli" looks like a surname or would be so perceived by purchasers and emphasizes that even "Kodak," often cited as the quintessential coined trademark, is a more commonly encountered surname than "Pirelli."

A term is primarily merely a surname if its primary significance to the public is that of a surname. See In re Luis Cabballero, S.A., 223 USPQ 355 ( TTAB 1984). The burden is on the Patent and Trademark Office to establish a prima facie case that a word is primarily merely a surname. In re Etablissements Darty et Fils, 225 USPQ 652, 653 (Fed. Cir. 1985). Applicant's argument that its mark "PIRELLI" is a

4

famous trademark and that, as a result of use of that mark, the principal significance of "PIRELLI" is as a trademark and not as a surname is not a persuasive argument for allowing registration of "PIRELLI." The fame of applicant's mark and the existence of prior registrations would certainly be relevant factors in establishing distinctiveness under Section 2(f) of the Trademark Act. Applicant has not claimed the benefits of Section 2(f) and, without a formal claim of distinctiveness under Section 2(f), the evidence of fame and prior registration cannot serve as the basis for allowing registration of applicant's mark. See In re McDonald's Corp., 230 USPQ 304, 307 (TTAB 1986).

We are also unpersuaded by applicant's argument that its ownership of incontestable registrations for the mark "PIRELLI" means that the Examining Attorney's refusal in this case is an impermissible attack on those incontestable registrations. The case on which applicant relies, American Sail Training Ass'n, supra, involved the mark "RETURN OF THE TALL SHIPS". Applicant owned an incontestable registration of the mark "TALL SHIPS" for the same services in connection with which it was seeking registration of "RETURN OF THE TALL SHIPS." The Board reversed the Examining Attorney's requirement, made under Section 6 of the Trademark Act, for a disclaimer of the words "TALL SHIPS." The Board's reasoning was that, because no competitor could seek to challenge the incontestable registration of "TALL SHIPS" on the grounds of descriptiveness, the Examining Attorney would not be permitted

5

Ser. No. 565,336

to make essentially the same attack by holding "TALL SHIPS" descriptive and requiring a disclaimer under Section 6. Here, we have a different set of facts. The incontestable registrations on which applicant relies in making its argument are for goods unrelated to the goods in connection with which it now seeks registration of the mark "PIRELLI." Thus, applicant owns no incontestable registration of the mark "PIRELLI" for "rubber soles and heels for shoes." That being the case, the Examining Attorney is not foreclosed from raising the Section 2(e)(3) ground for refusal in connection with the mark "PIRELLI" for those goods.

The evidence submitted by the Examining Attorney and by applicant proves that "Pirelli" is a rare surname in the United States. That fact is important in our determination as to whether the primary significance of the mark "PIRELLI" to purchasers would be that of a surname. See In re Garan Inc., 3 USPQ2d 1537 (TTAB 1987). Nonetheless, the Examining Attorney is correct that even rare surnames may be unregistrable and that there is no minimum number of directory listings required to establish a prima facie case for refusal of registration under Section 2(e)(3). See In re Petrin Corp, 231 USPQ 902 (TTAB 1986) [PETRIN held primarily merely a surname]; In re Pohang Iron & Steel Co., Ltd., 230 USPQ 79 (TTAB 1986) [POSTEN held primarily merely a surname]; In re Possis Medical, Inc., 230 USPQ 72 (TTAB 1986) [POSSIS held primarily merely a surname].

6

"PIRELLI" is, in fact, a surname; it is the surname of the chairman of applicant's parent group. "Pirelli" has no ordinary meaning in the Italian language, as the Italian dictionary excerpt, made of record by the Examining Attorney, shows. As for applicant's argument that there are more listings of "Kodak" than "Pirelli" in telephone directories, we find that fact of little relevance to the issue of whether "Pirelli" is a surname. The Examining Attorney correctly argues that certain rare surnames look like surnames and certain rare surnames do not and that "Pirelli" falls into the former category, while "Kodak" falls into the latter. Although applicant complains that the Examining Attorney has not offered sufficient proof that "Pirelli" looks like a surname, we agree with the Examining Attorney that some of the common surnames contained in the American Surnames book, in their structure and pronunciation, resemble applicant's mark "PIRELLI".

We find, therefore, that the Examining Attorney has established a prima facie case that the primary significance of the mark "PIRELLI" is that of a surname. Applicant's evidence proves that "Pirelli" is a rare surname but fails to rebut the Examining Attorney's prima facie showing that "PIRELLI" would be viewed as a surname by the relevant public.

Decision: The refusal to register is affirmed.

J. D. Sams

J. E. Rice

E. J. Seeherman
Members, Trademark
Trial and Appeal Board

7

AUG 19 1988